IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES DIGIGLIO, | : | |
| Plaintiff, | : | 1:16-cv-1454 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| DAVE LINK, *et al.*, | : | |
| Defendants. | : | |

## **MEMORANDUM**

### **October 7, 2016**

Charles Digiglio ("Plaintiff"), at all relevant times, an inmate incarcerated at the State Correctional Institution at Benner ("SCI-Benner"), Bellefonte, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983, naming as defendants Dave Link ("Link"), Captain Grice ("Grice"), and Major Timothy Graham ("Graham"). (Doc. 1). Plaintiff seeks to proceed *in forma pauperis*. (Doc. 2).

A federal court must dismiss a civil action filed *in forma pauperis* if the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. §1915(e)(2)(B)(ii). For the reasons set forth below, the Court concludes that the complaint is subject to dismissal pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

I.   **<u>STANDARDS OF REVIEW</u>**

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying FED.R.CIV.P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). In reviewing the legal sufficiency of a complaint, the Court must accept the truth of the factual allegations. *Morrison v. Madison Dearborn Capital Partners III L.P.*, 463 F.3d 312, 314 (3d Cir. 2006). Notably, the assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. The controlling question is whether the complaint "alleges enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555 (rejecting the "no set of facts" language from *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) and requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"); *see also Iqbal*, 556 U.S. at 678 (explaining that Rule 8 requires more than "an unadorned, the-

defendant unlawfully-harmed-me accusation"); *see also* FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief").

Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

## II. ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that in October 2015, Link allegedly unfairly terminated his employment as a janitor in the Restricted Housing Unit ("RHU") at SCI-Benner for passing contraband. (Doc. 1, pp. 2-3). Captain Grice allegedly "was in charge of security at the prison and was aware of what was going on." (*Id.* at 3). Major Graham allegedly ignored Plaintiff's attempts to resolve the matter. (*Id.*) He seeks compensation for lost pay. (*Id.*)

## III. DISCUSSION

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. *See* 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

*Id.; see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002*); Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff's complaint is wholly without merit. In construing the claim as one alleging a violation of his due process rights, inmates do not have a liberty or property interest in their job assignments that would give rise to Due Process Clause protection. *James v. Quinlan*, 866 F.2d 627, 629–30 (3d Cir.1989). Furthermore, neither the termination of his prison job, nor the failure to reinstate him in his job, violates his Eighth Amendment right to be free from cruel and unusual punishment. The Eighth Amendment imposes upon prison officials a duty to provide "humane conditions of confinement." *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 256 (3d Cir.2010) (*citing Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). "For an alleged deprivation to rise to the level of an Eighth

4

Amendment violation, it must result in the denial of the minimal civilized measure of life's necessities." *Id.* (internal quotations and citations omitted).  Such a denial involves "the deprivation of a single identifiable human need such as food, warmth, or exercise. . . ." *Wilson v. Seiter*, 501 U.S. 294, 304, 1 (1991).  Because a prison job is not one of life's necessities, it cannot form the basis of an Eighth Amendment claim.

## IV.   LEAVE TO AMEND

Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 114 (3d Cir. 2002).  In this case, it is clear from the facts alleged that allowing Plaintiff leave to amend would be futile.

## V.   CONCLUSION

Based on the foregoing, Plaintiff's complaint will be dismissed without prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

An appropriate Order will issue.